IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

N.F.
*on behalf of her minor child M.F.*

    Plaintiffs,

v.                                                      Case No. 14-cv-699 SCY/SMV

ALBUQUERQUE PUBLIC SCHOOLS *et al.*

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendant Steven Scully's motion to dismiss or, in the alternative, for judgment on the pleadings. *Doc. 67.* Defendant asserts qualified immunity and seeks dismissal of Plaintiff's due process, equal protection, and unlawful seizure claims. Having reviewed Defendant's Motion, and being fully advised, the Court defers ruling on Defendant's motion to dismiss the official capacity claims against him and grants Plaintiff leave to amend her First Amended Complaint as to the individual capacity claims.

**I.**    **BACKGROUND**

For all times relevant to the complaint, Plaintiff, M.F.'s mother, makes the following allegations which, for purposes of this order, the Court accepts as true:

M.F. attended Taft Middle School, a school in the Albuquerque public school system ("APS"), where she mainly received special education instruction due to a learning disability. *Doc. 49*, First Amended Complaint ("FAC") ¶¶ 4-5, 70-71. Defendant Scully, the principal of Taft Middle School, hired Defendant Kenneth Jehle to teach special education for the 2013-2014 school year. *Id.* ¶¶ 11-12, 69. On several occasions throughout the school year, Jehle sexually assaulted and harassed M.F. in violation of her constitutional rights. *See generally id.*

"[T]he Taft administration" was aware of at least some of Jehle's inappropriate behavior towards his students. For instance, Jehle had a chair in his classroom called the "Cuddle Chair" in which he would sit with students. Further, on or about March 3, 2014, Jehle touched M.F.'s upper thighs and genitals while M.F. was sitting on a railing. *Id.* ¶¶ 74-80. The Taft administration contacted Plaintiff and the police about the March 3, 2014 incident a day later and, two days later, placed Jehle on administrative leave. *Id.* ¶¶ 81-84. On April 1, 2014, law enforcement arrested Jehle for the crime of Criminal Sexual Contact of a Minor. *Id.* ¶ 85.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately pleaded factual allegations contained in the complaint, disregarding any unsupported legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, having identified the adequately pleaded facts, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. In making this determination, the court views the complaint in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

The standard for evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for evaluating a motion to dismiss pursuant

to Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

## III. PLAINTIFF'S FEDERAL CLAIMS

Plaintiff brings four federal causes of action against Defendant Scully in both his official and individual capacities: violation of M.F.'s constitutional right to bodily integrity; violation of M.F.'s constitutional right to equal protection on the basis gender; violation of M.F.'s constitutional right to equal protection on the basis of disability; and violation of M.F.'s constitutional right against illegal seizure. In addition to these federal claims, Plaintiff pleads a state law claim for negligent maintenance of a building under the New Mexico Tort Claims Act ("NMTCA") – a claim Defendant Scully does not challenge in this motion.

Defendant asserts that Plaintiff has failed to sufficiently plead any of her federal causes of action, entitling him to dismissal under either Rule 12(b)(6) or 12(c). *Doc. 67.* Having reviewed the briefing, the Court defers ruling on whether Plaintiff's official capacity claims should be dismissed as redundant. Regarding the individual capacity claims against Defendant Scully, the Court agrees with Defendant that Plaintiff's complaint fails to support these claims. Rather than dismissing these individual capacity claims at this time, however, the Court will grant Plaintiff's request to amend her complaint and thereby provide her another opportunity to specifically allege what Defendant Scully knew, or was recklessly indifferent about, Defendant Jehle's conduct.

### A. Plaintiff's official capacity claims

Plaintiff brings each of her federal claims both against Defendant Scully in his official capacity and against Defendant Albuquerque Public Schools, the municipal entity who employed Defendant Scully. Although Plaintiff recognizes that official capacity claims against an individual are usually redundant of claims against the public entity, she asserts that her claims for

3

punitive damages against Defendant Scully provide an avenue to maintain suit against him in his official capacity.  Doc. 73 at 13; *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (punitive damages not recoverable against municipal entity).  While inconsistent with Supreme Court precedent, Plaintiff's argument does find some support in the Tenth Circuit.

As the Supreme Court explained in *Kentucky v. Graham*, "[o]fficial-capacity suits… generally represent only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against an entity." 473 U.S. 159, 165-66 (1985) (citations and quotations omitted).  Consequently, where a plaintiff chooses to sue both the municipality and municipal official in an official capacity, courts consistently dismiss the official capacity claim as "duplicative" or "redundant" of the claim against the municipal entity.  *See, e.g., McDonald v. Wise*, 769 F.3d 1202, 1214-15 (10th Cir. 2014) ("[Plaintiff's constitutional claim] is not cognizable against all named defendants. [Plaintiff] alleged the claim against [the individual defendants], in their individual and official capacities, and against the City and County of Denver. Because [plaintiff] sued the municipality, it was not necessary to sue [the individual defendants] in their official capacities because official capacity suits are simply another way of pleading an action against an entity of which an officer is an agent.") (quotation omitted); *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009)("To the extent Martinez brings a claim against [Sheriff] Beggs in his official capacity, it is the same as bringing a suit against the county.")

The combination of *Kentucky* and *City of Newport* appears to lead to the inexorable conclusion that, because an official capacity suit against an individual is really a suit against the government entity, and a government entity cannot be liable for punitive damages, an official capacity suit against an individual for punitive damages must be dismissed. Within the Tenth

Circuit, however, a contrary precedent exists.  In *Youren v. Tintic Sch. Dist.*, the Tenth Circuit held, "[t]he fact that municipalities are immune from punitive damages does not, however, mean that individual officials sued in their official capacity are likewise immune." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003).  Since its publication, *Youren* has been oft-criticized and never, to this Court's knowledge, endorsed.  Nonetheless, because the Tenth Circuit decided *Youren* after *Kentucky* and *City of Newport,* it is arguably binding until overruled by an en banc panel of the Tenth Circuit or the Supreme Court.[1]

      Lower courts in the Tenth Circuit have handled the *Youren* quandary in a variety of ways. One district court recognized *Youren* and then declined to follow it. *Trevillion v. Glanz*, No. 12–CV–146–JHP–TLW, 2012 WL 4893220 at *6 (N.D. Okla. October 15, 2012) (unpublished). Another acknowledged that *Youren* stood for the proposition that punitive damages are not recoverable against a municipality, and then dismissed the punitive damages claim against individual defendants in their official capacities with no further discussion. *Fernandez v. Taos Mun. Sch. Bd. of Educ.*, 403 F.Supp.2d 1040, 1043 (D.N.M. 2005) (Kelly J., sitting by designation). Another grudgingly stated that it "remains precedent within this Circuit" and therefore decided to postpone ruling on the issue. *Revilla v. Glanz*, 7 F.Supp.3d 1207, 1218-19 (N.D. Okla. 2014). And the closest a district court in the Tenth Circuit has come to endorsing it is to recognize its binding effect and note that the party opposing its application did not come up with any good reason not to apply it. *Cross Continent Development, LLC v. Town of Akron, Colo.*, No. 09-cv-02413-WYD-KMT, 2011 WL 3360673 at *2 (D. Colo. Aug. 4, 2011)(unpublished).

---

[1] The Tenth Circuit in *Youren* did not reference *Kentucky,* and provided no citation to support its assertion regarding the availability of punitive damages against individuals sued in their official capacities.

Recently, in an unpublished opinion, a panel of the Tenth Circuit went out of its way to criticize *Youren*. *Cross Continent Dev., LLC v. Town of Akron, Colo.*, 548 F. App'x 524, 531 (10th Cir. 2013) (unpublished) (Although issue involving application of *Youren* became moot, court felt "compelled, however, to note our agreement with [Defendant's] characterization of *Youren* as an anomalous outlier.") The Tenth Circuit reasoned:

> After all, if "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("It is *not* a suit against the official personally, for the real party in interest is the entity." (emphasis in original)), and "a municipality is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), then individuals sued in their official capacity should be immune from punitive damages as well. The conclusion seems inescapable. Indeed, the force of this reasoning has led courts within our own circuit to ignore *Youren* when dismissing punitive damage claims in official-capacity § 1983 suits. *See, e.g., Fernandez v. Taos Mun. Sch. Bd. of Educ.,* 403 F.Supp.2d 1040, 1043 (D.N.M. 2005) (Kelly J., sitting by designation).

*Cross Continent Dev., LLC v. Town of Akron, Colo.*, 548 F. App'x 524, 531 (10th Cir. 2013) (unpublished).  Despite this criticism, the Tenth Circuit also indicated that, but for the issue becoming moot, it would have been compelled to apply *Youren*. ("we must adhere to prior rulings of our court in the absence of our court's issuance of an en banc decision overruling the prior panel decision.").

While in a difficult position, the Court is not yet caught between the Scylla of following a case widely regarded as wrongly decided and the Charybdis of ignoring Tenth Circuit precedent. At this point, the Court will follow the same course as some of its sister courts caught in the same strait; it concludes that the issue of punitive damages need not be decided now.  Therefore, the Court will defer ruling on this issue.

  B.  **Plaintiff's individual capacity claims**

In each of her individual capacity claims, Plaintiff seeks to assign liability for Defendant Jehle's actions to Defendant Scully on the basis that Defendant Jehle's "sexual misconduct was known to Defendant Scully." FAC ¶¶ 123, 135, 145, 155.  Plaintiff's response contends that the Complaint "sufficiently alleges a pattern of behavior by Jehle of which Scully was aware." *Doc. 73* at 15.  A plain reading of the Complaint, however, refutes this contention, as the Complaint fails to allege the specific instances of "sexual misconduct" about which Defendant Scully supposedly had knowledge.

Plaintiff pleads that the "Taft administration" (which Plaintiff presumably means to include Defendant Scully) was aware of two potential instances of inappropriate behavior that occurred at Taft: Defendant Jehle's use of the "Cuddle Chair", and the March 3, 2014 incident that it diligently reported to the police.  FAC ¶¶ 74-80.  The Court has previously explained that Defendant Jehle's conduct related to the "Cuddle Chair", evaluated in isolation, is not obviously sexual in nature. *Doc. 68* at 10. Further, the March 3 incident was reported to police the day after it occurred.  If these are the only two events on which Plaintiff sought to rely, it is unlikely she could sustain any of her constitutional claims against Defendant Scully. *See, e.g., Dodd v. Richardson*, 614 F.3d 1185, 1197-99 (10th Cir. 2010) (discussing the imposition of supervisory liability in § 1983 claims post-*Iqbal* and explaining that a plaintiff must demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.")

In her response, Plaintiff points to numerous other examples of Defendant Jehle's misbehavior at Taft and other schools, and alternately alleges that Defendant Scully either knew, should have known, or was recklessly indifferent to them.  For example, Plaintiff argues that Defendant Scully had notice of Defendant Jehle's prior alleged transgressions at Harrison and

7

Cottonwood. *Doc. 73* at 14, 15.  For this assertion, Plaintiff relies on paragraphs 31-69 of the FAC. *Id.* Of these paragraphs, Defendant Scully is only mentioned in 69, and that paragraph simply states: "After the 2012-2013 school year, Jehle returned to APS to teach at Taft, where Defendant Steve Scully ("Scully") hired him to teach special education." Thus, the paragraphs Plaintiff cites contain no allegations that Defendant Scully knew of any of the alleged acts described in paragraphs 31-68.

As an alternative to pleading that Defendant Scully knew of Defendant Jehle's conduct, Plaintiff also alleges that Defendant Scully did not know of Defendant Jehle's conduct because he recklessly hired Defendant Jehle "without properly investigating his background." *Id.* at 16. This allegation, without more, fails to state a claim for constitutional deprivation against a supervisor entitled to qualified immunity. *See Dodd* 624 F.3d at 1194-95 (discussing effect of *Iqbal* on supervisory liability claims in § 1983 actions and setting forth stringent standard to state a claim in these types of cases).

Rather than dismissal, Plaintiff seeks leave to amend her complaint to cure any pleading defects. *Doc. 73* at 35-36. Under Federal Rule of Civil Procedure 15(a), the Court has the discretion to grant such leave in order to provide litigants "the maximum opportunity for each claim to be decided on its merits. . . ." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation and quotation omitted). The Court will, therefore, grant Plaintiff's request and give her leave to amend so that, if she has sufficient basis, she can make specific allegations with regard to Defendant Scully.[2] Because the Court will allow Plaintiff to clarify the contours of her allegations, it will not make a determination at this time regarding the viability of Defendant Scully's assertion of qualified immunity.

### IV.   CONCLUSION

---

[2] Any such amendment must comply with Federal Rule of Civil Procedure 11.

For the forgoing reasons, the Court defers ruling on Defendant Scully's Motion to Dismiss as to the official capacity claims in Counts V, VI, VII, and VIII of the Complaint. Plaintiff is granted leave to amend the Complaint as to the individual capacity claims against Defendant Scully in Counts V, VI, VII, and VIII.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE